a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS WAYNE GRAY #2010020434, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00132 SEC P |
| VERSUS | JUDGE DRELL |
| CITY OF WINNFIELD ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Douglas Wayne Gray ("Gray"). Gray is a detainee in the custody of the Winn Parish Sheriff's Office, housed at the Winn Parish Detention Center in Winnfield, Louisiana. He names as Defendants the City of Winnfield, Officer Victor Fobbs, Police Chief Johnny Ray Carpenter, and Warden Darlene Parks.

Because Gray must provide additional allegations to establish that his Complaint is timely and to support his claims, he must AMEND the Complaint.

I. **Background**

Gray alleges that on January 6, 2021, he was working as a trustee for the Winnfield City Police Department Jail. ECF No. 1 at 5. Gray alleges that Officer Fobbs hit Gray with the push bumper located on the front of his unit when he reportedly pressed the accelerator by mistake instead of the break. *Id.* at 6. Gray alleges that he suffered injuries to his left leg, knee, and ankle. *Id.* at 5.

1

On January 8, 2021, Gray was examined by a local physician who ordered an x-ray. ECF No. 1 at 6-7. Gray alleges that he was supposed to return to the physician's office for results, but Officer Fobbs did not bring him. *Id.*

Gray alleges that on January 9, 2021, he asked Darlene Parks for something in which to soak his swollen foot, and she denied the request. *Id.* at 7. Defendant Parks also refused to let Gray fill out an incident report regarding the injuries or give him a copy of Officer Fobbs's statement. *Id.* at 5-6. Gray requested to speak to Defendant Carpenter, but was informed that Carpenter did not want to speak to him. *Id.* at 7.

On January 13, 2021, Gray was transported to the Winn Parish Detention Center, where he remains housed. *Id.* at 7-8. Gray claims that he has received no additional medical care for his injuries. *Id.* at 5.

Gray requests "general and specific relief for negligence[,] retaliation[,] and/or injury." ECF No. 1 at 4.

## II. Law and Analysis

### A. Gray must amend his Complaint to establish that it is timely.

A complaint is frivolous if it is clearly barred by the applicable statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *see also Rich v. Thomas*, 2000 WL 960064, at *1 (5th Cir. 2000); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period *sua sponte*. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See Wilson v. Garcia*, 471 U.S. 261, 279–280 (1984). In Louisiana, there is a one-year prescriptive period for general tort actions. *See* La. C.C. art. 3492.

Federal law determines the date Louisiana's one-year prescriptive period commences. *See Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (citing *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981); *Hawthorne v. Bell*, 2021 WL 2932660, at *2 (W.D. La. 2021). A plaintiff need not realize that a legal cause of action exists, but must only be aware of the facts that would support his claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Gray's claims related to the injuries inflicted by Officer Fobbs commenced on the date of the incident, January 6, 2021. Gray's claims against Defendant Parks commenced on January 9, 2021, when she allegedly denied him a foot soak and the opportunity to fill out an incident report or speak to the police chief. Thus, Gray had one year from January 6 and 9, 2021 within which to file suit in this Court. The Clerk of Court did not receive the Complaint until January 13, 2022, more than one year after the accrual of Gray's claims. ECF No. 1-4.

Under the "mailbox rule," a prisoner's legal document is deemed filed when he delivers the mail to prison officials for mailing to the district court. *See Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Gray's Complaint is signed and dated January 1, 2022. However, the account officer's affidavit—which was mailed with the Complaint—is signed and dated January 11, 2022. ECF No. 2 at 6. Therefore, it appears that the Complaint and pauper affidavit were not submitted for mailing until, at the earliest, January 11, 2022.

Gray is instructed to amend his Complaint to show when his envelope containing the legal documents was submitted to the mailroom for mailing to the Court.

**B.    Gray shall amend to provide facts as to each named Defendant.**

If Gray can show that his Complaint it timely, it must still be amended. Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Gray must amend his Complaint to state how each named Defendant violated his constitutional rights.

### C. Gray must amend to provide evidence of retaliation.

If Gray can show that his Complaint it timely, he must also provide additional facts regarding his retaliation claim. To state a viable claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted).

Gray seeks damages for retaliation, but he does not state who allegedly retaliated against him or why. He does not identify a retaliatory adverse act, nor does he allege causation. Gray must amend his Complaint accordingly.

### III. Conclusion

Because Gray must show that his Complaint is timely and provide additional information to support his claims, IT IS ORDERED that he AMEND his Complaint within 30 days of the date of this Order, specifically providing the information

outlined above. A failure to comply may result in the dismissal of the Complaint under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on Thursday, March 24, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6